UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIFFANY K.,

        Plaintiff,                    Case No. 2:25-cv-10319
                                          Honorable Anthony P. Patti

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT OR REMAND (ECF No. 9), DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 13),
and REMANDING THIS MATTER TO THE COMMISSIONER FOR
ACTION CONSISTENT WITH THIS DECISION**

## I.     Background

On April 12, 2018, at the age of 15, Tiffany K. ("TK") suffered a cardiac

arrest, which caused an anoxic brain injury.  (*See*, *e.g.*, ECF No. 7, PageID.196,

514-515, 553, 617, 995.)  Nearly three years later, on March 22, 2021, TK

executed a durable general power of attorney, appointing her parents.  (ECF No. 7,

PageID.215-230.)  Shortly thereafter, TK applied for supplemental security income

(SSI) benefits.  (*Id*., PageID.196-206.)  Although the application alleges disability

as of July 20, 2018, it appears the intended alleged onset date was March 3, 2021, which was shortly after her 18th birthday.  (*Id*., PageID.196-197.)[1]

TK's claim was denied initially in December 2021 and upon reconsideration in August 2022.  (*Id*., PageID.82-107, 116-120.)  She sought a hearing with an ALJ (*id*., PageID.122-141), and, on October 26, 2023, ALJ D'Amato conducted a hearing, at which the claimant, her counsel, her mother (a witness), and a vocational expert (VE) appeared (*id*., PageID.55-81).  On December 5, 2023, ALJ D'Amato issued an unfavorable decision.  (*Id*., PageID.34-54.)  TK requested review (*id*., PageID.192-195); however, on December 4, 2024, the Appeals Council (AC) denied the request for review (*id*., PageID.21-26).

## II.    Instant Case & Pending Motion

On February 3, 2025, Plaintiff brought this action under 42 U.S.C. § 405(g) and/or 42 U.S.C. §§ 1381(a), 1382(a) for review of the final decision of the Commissioner of Social Security (Commissioner).  The parties have consented to my jurisdiction to handle this case through entry of a final judgment.  (ECF No. 5.)

Currently before the Court is Plaintiff's motion for summary judgment or remand (ECF No. 9), which identifies two challenges to the Commissioner's findings:

---

[1] There are multiple, other references to March 3, 2021 in the administrative record.  (ECF No. 7, PageID.37, 82, 90-92, 102, 107, 118, 207, 211, 231, 236, 249, 262, 274, 284.)

- the ALJ failed to properly consider whether Plaintiff's impairments meet or equal Listing 12.02; and

- the ALJ failed to properly evaluate the Plaintiff's residual functional capacity (RFC) in light of substantial medical evidence.

(*Id.*, PageID.1087, 1088-1097.) The Commissioner filed a cross-motion for summary judgment (ECF No. 13), and Plaintiff has filed a reply (ECF No. 14).[2]

On January 15, 2026, the Court conducted a video conference hearing (*see* ECF No. 15), at which Attorney Erin Rich and Assistant United States Attorney Rachel Julis appeared. Following a short recess, the Court issued a lengthy opinion on the record.

## III. Standard

Plaintiff has the burden of proof on her statements of error, as she challenges the ALJ's listing determination at Step 3 and the ALJ's RFC determination, which occurs between steps 3 and 4 of the sequential process. *Walters v. Comm'r of Soc.*

---

[2] Although Attorney Rich did not submit her client's motion or reply, she was admonished at the beginning of the hearing for three things relating to her firm's briefing: (1) failing to identify the issues on appeal, as required by my Practice Guidelines for Social Security cases; (2) submitting a reply brief below the required 14-point font, contrary to E.D. Mich. LR 5.1(a)(2); and, (3) including what appears to be a non-existent "phantom" case citation to *Fleck v. Comm'r of Soc. Sec.* (*see* ECF No. 9, PageID.1093), likely caused by use of generative artificial intelligence (AI). Counsel and her law firm are **HEREBY WARNED** that citations of this sort and unconfirmed use of AI have led to sanctions in this Court and elsewhere, and future instances of this will not be tolerated. Likewise, briefs that do not comply with this Court's Local Rules and/or the judge's practice guidelines may be (and frequently are) stricken.

*Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) ("[D]uring the first four steps, the claimant

has the burden of proof; this burden shifts to the Commissioner only at Step

Five."). "[A] decision supported by substantial evidence must stand, even if [the

court] might decide the question differently based on the same evidence." *Biestek*

*v. Comm'r of Soc. Sec.*, 880 F.3d 778, 783 (6th Cir. 2017). The Court must "'take

into account whatever in the record fairly detracts from [the] weight'" of the

Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002)

(quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Even if the

ALJ's decision meets the substantial evidence standard, "'a decision of the

Commissioner will not be upheld where the SSA fails to follow its own regulations

and where that error prejudices a claimant on the merits or deprives the claimant of

a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir.

2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## IV.   Discussion

Upon consideration of the motion papers, the oral argument of counsel

during the January 15, 2026 video hearing, and for all the reasons stated on the

record by the Court, <u>which are hereby incorporated by reference as though fully

restated herein</u>, Plaintiff's motion for summary judgment or remand (ECF No. 9) is

**GRANTED**, Defendant's motion for summary judgment (ECF No. 13) is

**DENIED**, and this matter is **REMANDED** to the Commissioner of Social Security

for action consistent with this decision.  The Court, as reflected in its on-the-record

ruling, particularly notes the following:

### A.    Listing 12.02 ("Neurocognitive Disorders")

Plaintiff challenges the ALJ's determination that "[t]he severity of the

claimant's mental impairments, considered singly and in combination, do not meet

or medically equal the criteria of listing 12.02[,]" (ECF No. 7, PageID.40).  (ECF

No. 9, PageID.1088-1093; *see also* ECF No. 14, PageID.1128-1129.)  This listing

is met by satisfying Paragraphs 12.02(A) and 12.02(B) <u>or</u> Paragraphs 12.02(A) and

12.02(C).

To the extent Plaintiff challenges the ALJ's failure to analyze Listing

12.02(A), the ALJ obviously found that the burden had been satisfied, as he

otherwise would not have moved on to his analysis of the Paragraph B factors.  If

there was error in failing to mention this Paragraph A's criteria, it was harmless.

To the extent Plaintiff challenges the ALJ's analysis of Listing 12.02(B),

the ALJ concluded that Plaintiff had "moderate limitation"  in each of the

"paragraph B" criteria, *i.e.*, "understanding, remembering or applying

information," "interacting with others," "concentrating, persisting or maintaining

pace," and "adapting or managing oneself."  (*Id.*, PageID.40-41.)[3]  The ALJ's

---

[3] Incidentally, on remand, the ALJ will have to correct some citations to the record
(*see* ECF No. 7, PageID.41), because Exhibits 11E and 13E do not support the

explanations for these conclusions, along with reading the opinion as a whole,

adequately explain why the Listing 12.02(B) criteria were not satisfied, and that

finding was supported by substantial evidence. *See*, *e.g.*, *Athey v. Comm'r of Soc.*

*Sec.*, No. 13-CV-12528, 2014 WL 4537317, at *4 (E.D. Mich. Sept. 11, 2014)

(Leitman, J.); *Rice v. Barnhart*, 384 F.3d 363, 370 n.5 (7th Cir. 2004). Moreover,

Plaintiff has not met her burden to overturn this assessment. *Perschka v. Comm'r*

*of Soc. Sec.*, 411 F. App'x 781, 786 (6th Cir. 2010) ("The claimant must present

specific medical evidence to satisfy all of the criteria.") (citing 20 C.F.R. §

416.925).

However, Plaintiff is entitled to remand based on the ALJ's conclusory

discussion of Listing12.02(C), which states, in total:

> The paragraph C criteria for listing 12.06 are not met as there is no
> evidence of recurrent and intrusive recollections of a traumatic
> experience, which are a source of marked distress and which result in
> complete inability to function independently outside the area of one's
> home. As indicated by the claimant's activities of daily living and
> social functioning discussions, the claimant is able to function
> independently outside of the home.

(*Id.*, PageID.41.) This sparse discussion is troubling for multiple reasons.

Preliminarily, the ALJ referenced Listing 12.06, which concerns anxiety and

---

ALJ's conclusion about "adapting or managing oneself." The Court suspects that
this may have been a scrivener's error.

obsessive-compulsive disorders, and the phrase, "traumatic experience" is not

found in 12.02(C).[4]  Next, the ALJ does not sufficiently articulate Listing

12.02(C)'s criteria.  It certainly seems that Plaintiff has "a medically documented

history of the existence of the disorder over a period of at least 2 years," but the

reader is left to wonder about the additional two criteria, *i.e.*, Listing 12.02(C)(1)

and Listing 12.02(C)(2).  Also, while the ALJ states that Plaintiff is "able to

function independently outside of the home," (ECF No. 7, PageID.41), the ALJ's

references to Plaintiff's "activities of daily living and social functioning

discussion" are anemic.  By comparison, Plaintiff has shown in her briefing and on

the record support for these criteria, such as the October 27, 2021 report of limited

licensed psychologist David R. Cashbaugh, Jr. and licensed psychologist Michael

P. Hayes, Ph.D. (*id*., PageID.529-535 [Ex. 11F]) and her mother's testimony at the

October 26, 2023 administrative hearing (*id*., PageID.69-72).  (ECF No. 9,

PageID.1091-1092.)[5]  In the end, even if the Commissioner were correct that

Plaintiff had not shown that her impairment satisfied Listing 12.02(C) (*see* ECF

No. 13, PageID.1111, 1114), the ALJ's discussion of Listing 12.02(C) was

---

[4] As best the Court can tell, a "traumatic event" is associated with Listing 12.15 ("Trauma- and stressor-related disorders").

[5] Plaintiff's equivalence argument (*see* ECF No. 9, PageID.1092-1093) is underdeveloped and, thereby, waived.  *See McPherson v.* Kelsey, 125 F.3d 989, 995-96 (6th Cir. 1997); *see also Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003).

erroneous and must be cured on remand, consistent with 20 C.F.R. § 416.920(e)

("*When your impairment(s) does not meet or equal a listed impairment.*").  *See*

*also Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) ("Even if

supported by substantial evidence, however, a decision of the Commissioner will

not be upheld where the SSA fails to follow its own regulations and where that

error prejudices a claimant on the merits or deprives the claimant of a substantial

right.") (citations omitted).

### B.  The ALJ's RFC Assessment

In his written decision, the ALJ found that Plaintiff has the RFC "to perform

light work," as defined in 20 C.F.R. § 416.967(b), with multiple additional

exertional, manipulative, environmental, and postural limitations, as well as

limitations related to understanding and memory, sustained concentration and

persistence, social interaction, and adaptation.  (ECF No. 7, PageID.41-42.)

The Court concludes the ALJ's RFC determination falls short of SSR 96-

8p's and 20 CFR § 416.945's requirements.  Accordingly, while on remand, the

ALJ must cure several items.  First, as to the written decision's observations at

Step 3 that Plaintiff "engages in activities requiring some concentration,

persistence, and pace," such as "browsing the internet, playing games, and

watching television[,]" (ECF No. 7, PageID.40-41), and a similar observation

when addressing her symptoms in the RFC assessment (*id.*, PageID.43), the Court

is persuaded by Plaintiff's arguments that "[t]hese activities do not demonstrate

sustained focus in a structured work setting[,]" (ECF No. 9, PageID.1091), and that

"the ALJ failed to consider [or adequately explain] how Plaintiff's need for close

supervision in daily life would translate to a competitive work setting[,]" (ECF No.

9, PageID.1096).  In particular, the Court notes Plaintiff's testimony about her

daily activities (*id.*, PageID.64-66) and the November 29, 2021 "intelligence and

memory evaluation" report by George Watson, Jr., Ph.D. (*id.*, PageID.552-559).[6]

On remand, the ALJ must provide more of an explanation as to why TK has an

RFC with a concentration level sustainable in a work setting, which is not the same

as being able to sit at home on a couch and play games or engage in social media

on a smart phone, or even clean a bathroom once per week. "[M]inimal daily

functions are not comparable to typical work activities."  *Rogers v. Comm'r of Soc.*

*Sec.*, 486 F.3d 234, 248 (6th Cir. 2007).

Additionally, although the ALJ assessed some manipulative limitations (*see*

ECF No. 7, PageID.41), a fuller explanation is warranted as to why the assessed

limitations of "pushing and pulling motions with the upper … extremities within

the aforementioned weight restrictions for two-thirds of an 8-hour workday[,]" and

---

[6] While the Court will not order the neuropsychological testing suggested by
Plaintiff at the January 15, 2026 oral argument, it is highly encouraged and the
parties should consider it.  The ultimate goal here is to accurately and objectively
measure and determine the true, functional capacities of a young lady who suffered
a complete cessation of heart activity and consequent brain damage.

"bilateral manual dexterity for both gross and fine manipulation with handling and reaching for two-thirds of an 8-hour workday[,]" (*id*.), should not be *more* restrictive.  As Plaintiff discusses in her brief, there is documentation of upper extremity tremors, spasticity in both arms, and fine motor deficits that interfere with her manipulative abilities, such as in the March 8, 2021 notes from Erika E. Erlandson, M.D. (ECF No. 7, PageID.678-681) and the February 15, 2023 notes from Neena I. Marupudi, M.D. (*id*., PageID.935-941).  (ECF No. 9, PageID.1094-1095.)

Finally, the ALJ's *pro forma* language finding that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision[,]" (ECF No. 7, PageID.43), and presumably her mother's account, as a witness, leaves both Plaintiff and this Court in the dark about what inconsistencies the ALJ sees.  The ALJ must give a fuller explanation, pursuant to 20 CFR § 416.929 and SSR 16-3p, in order for Plaintiff to understand why her own account of the intensity, persistence and limiting effects of the symptoms she reports having experienced is found to be in

some way(s) at odds with other evidence and in order to allow for meaningful

appellate review.[7]

Finally, although the ALJ's treatment of opinion evidence was not an

identified appellate issue, and thus need not be opined upon by this Court, a

statement within Plaintiff's RFC challenge criticizes the ALJ's treatment of

Alexandra Shaw, M.D.'s October 24, 2023 "medical source statement" as "not

generally persuasive." (*See* ECF No. 7, PageID.46, 1068-1071; ECF No. 9,

PageID.1096-1097.)  The ALJ's discussion of Dr. Shaw's opinion makes clear to

the reader why the ALJ found it not generally persuasive.  Indeed, the most recent

treatment note prior to the MSS is dated March 17, 2022 and reflects "mild

cognitive impairment, weakness (left > right), and gait instability[,]" (*id.*,

PageID.1016), which is not consistent with the very restrictive conditions in the

October 24, 2023 MSS (*see id.*, PageID.1068-1071).  Finally, the MSS was in

check-box form.  *See, e.g., Hernandez v. Comm'r of Soc. Sec.*, 644 F. App'x 468,

474-475 (6th Cir. 2016); *Jackson v. Comm'r of Soc. Sec.*, No. 1:16-CV-14404,

---

[7] As for Plaintiff's argument that the ALJ relied on "outdated state agency opinions," (*see* ECF No. 14, PageID.1127-1128, 1130), the Court is not persuaded. The Sixth Circuit has recognized that there will "always be a gap between the time the agency experts review the record and give their opinion . . . and the time the hearing decision is issued." *Kelly v. Comm'r of Soc. Sec.*, 314 F. App'x 827, 831 (6th Cir. 2009) (quotation marks and citation omitted).  The ALJ may rely on such opinions so long as the record reflects that he or she has considered the entire record. *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 513 (6th Cir. 2010).  Here, it appears so.

2017 WL 4699721, at \*7 (E.D. Mich. Oct. 19, 2017) (Morris, M.J.) (finding a medical source statement that was in the "check-box format" was "an impotent addition to the record with little to no persuasive value . . .").

## V.  Order

For the reasons detailed above, Plaintiff has met the burden of proof on her statements of error.  Accordingly, Plaintiff's motion for summary judgment or remand (ECF No. 9) is **GRANTED**, Defendant's motion for summary judgment (ECF No. 13) is **DENIED**, and this matter is **REMANDED** to the Commissioner of Social Security for action consistent with this decision.

**IT IS SO ORDERED.**

Dated:  January 16, 2026

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE